UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**Ovation Services LLC**
**as agent for FGMS Holdings LLC,**
*Appellant*

v.　　　　　　　　　　　　　　　　　　　　No.  SA-23-CV-00361-JKP

**Rosemary Perez,**
*Appellee,*

*Trustee,*
**U.S. Trustee's Office**

*Trustee,*
**Mary K. Viegelahn**

## MEMORANDUM OPINION AND ORDER

Before the Court is Trustee Mary Viegelahn's (Trustee) Motion to Dismiss for Lack of Subject Matter Jurisdiction. *ECF Nos. 18,25*. Appellant, Ovation Services, LLC (Ovation) responded. *ECF No. 24*. Upon consideration, the Court concludes the Motion to Dismiss is DENIED.

## Background

This appeal arises from a bankruptcy action filed by Appellee/Debtor Rosemary Perez. During this bankruptcy proceeding, Perez disclosed her interest in real property she claimed to be an exemption as her homestead (Crystal Property). *ECF No. 9-2, pp. 12, 20*. Perez disclosed Ovation Services LLC as agent for FGMS Holdings, LLC ("Ovation"), the creditor of the Crystal Property; the liability arose out of a promissory note, deed of trust tax lien and judgment of foreclosure, and; the amount owed as $12,800. *Id., pp. 23,113-116; 124-128*.

1

Based on this disclosure, Perez's Debtor's Plan proposed to pay Ovation the estimated amount of $12,800.00 plus 18.75% interest on a pro-rata basis. *ECF No. 9-2, p. 63.* On August 1, 2022 Ovation filed its proof of claim stating the amount owed as of the date of the filing of bankruptcy petition was $34,667.38. *Id. at pp. 109-111.* On August 4, 2022 Ovation filed an objection to confirmation of Perez's proposed Debtor's Plan because: the amount owed was $34,667.38; the correct interest rate is 14%; the Debtor's Plan purports to improperly release Ovation's lien upon discharge when an adversary proceeding is required to release the lien; the Debtor's Plan does not provide for post-petition fees, costs or charges; the Debtor's Plan fails to provide fixed equal monthly payments; the Debtor's Plan proposed payment is not sufficient to amortize Ovation's claim over the term of the Debtor's Plan; and Perez failed to maintain insurance as required. *ECF No. 9-2, pp. 72-78.*

In response, on September 15, 2022 Perez filed an Amended Debtor's Plan, in which she revised treatment to Ovation by increasing the amount owed to $34,667.38 and revised the interest rate to 14% with monthly payments on a pro-rata basis. *ECF No. 9-2, p. 97.* All other provisions pertaining to Ovation remained the same. On October 14, 2022 Perez filed a Second Amended Debtor's Plan. *Id. at pp. 186-198.* Ovation's treatment remained the same. *Id. at p. 192.* The Trustee did not file an objection to confirmation of Perez's Debtor's Plan; however, on October 20, 2022, the Trustee filed a response to Ovation's original objections to its confirmation. *Id. at pp. 219-226.* Then, on October 20, 2022, Ovation amended its objection to confirmation of Perez's Amended Debtor's Plan, to which the Trustee filed another Response on October 24, 2022. *Id. at pp. 227-245.*

In this amended objection, Ovation argued the Second Amended Debtor's Plan should not be confirmed because: the Trustee improperly insists the Debtor's Plan requires Ovation

release its lien upon entry of the discharge because an adversary proceeding is required to release its lien; the Trustee is required to file a written objection to confirmation; the Bankruptcy Court's Standing Order, which requires only creditors to file written objection, is invalid; Ovation may accrue fees post-petition pursuant to §506(b), but does not have to file applications or motions for these fees; determination of post-petition fees is Perez's burden under §505; its statutory lien passes through bankruptcy unaffected even for undisclosed and unapproved post-petition fees, and; Perez failed to maintain insurance. *ECF No. 9-2, pp. 227-237*. In response, the Trustee argued: the Bankruptcy Code does not require the filing of a written objection; §506(b) requires the filing of an application by an oversecured creditor for any post-petition fees, costs or charges; the Debtor's Plan (or order confirming plan) should include a provision that requires Ovation to file periodic application(s) for post-petition fees, costs or charges during the term of the plan for the Bankruptcy Court's determination as to whether the requested fees, costs or charges are reasonable; determination of reasonableness of post-petition fees is a matter of federal law, and; Ovation improperly sought to invalidate the standard provision of the form plan required to be filed by all Chapter 13 debtors in the Western District of Texas. *ECF No. 9-2, pp. 238-245*.

On October 25, 2022 the Bankruptcy Court held a hearing for confirmation of Perez's Second Amended Debtor's Plan and heard argument on Ovation's objections and the Trustee's responses to Ovation's objections. *ECF No. 9-2, pp. 247-367*. After argument of the parties, the Bankruptcy Court adjourned the hearing without ruling on confirmation of the Debtor's Plan pending determination of Ovation's objections. *Id. at p. 367*.

On January 25, 2023 the Bankruptcy Court issued an Order Overruling Ovation's Amended Objections (Ovation Objection Order). *Id. at pp. 371-390*; *In re Perez*, 648 B.R. 833 (Bankr. W.D. Tex. 2023). In response to each of Ovation's objections, the Bankruptcy Court

3

held: 1) the Trustee is not required to file a written objection to confirmation to be heard at confirmation; 2) §505 does not govern the determination of Ovation's post-petition claim for attorney fees and costs; 3) Ovation must apply under §506(b) to receive its post-petition attorney fees and costs; and 4) Bankruptcy Rule 2016 applies to the application for post-petition fees and costs. *ECF No. 9-2, pp. 371-390*; *In re Perez*, 648 B.R. 833. The Bankruptcy Court also stated that because it denied Ovation's objection and reset confirmation, "the Trustee may propose the manner in which Ovation must make periodic disclosures" of its post-petition attorney fees and costs. *Id*. at p. 838, n.8. The Bankruptcy Court further ordered "Ovation is precluded from raising these arguments again at plan confirmation," scheduled for February 16, 2023. *Id*. at 847.

On February 8, 2023 Ovation filed a Motion for Clarification and Reconsideration of the Ovation Objection Order, and the Bankruptcy Court issued an Order (Clarification Order) on February 10, 2023. *ECF No. 9-2, pp. 391-396; pp. 549-552*. In this Clarification Order, the Bankruptcy Court stated: §506(b) and Bankruptcy Rule 2016 applies from the petition date to the date a bankruptcy case is closed, and it could not render opinion on two of Ovation's objections because it would result in an advisory opinion. *Id. at p. 549-552*.

On February 16, 2023 the Bankruptcy Court held a hearing for confirmation of Perez's Amended Debtor's Plan. In accordance with the Ovation Objection Order, the Trustee proposed the manner in which Ovation must make periodic disclosures of its post-petition attorney fees and costs. *ECF No. 9-3, p.4, Line 22 to p.5, Line 20*. The Bankruptcy Court provided oral confirmation of the Amended Debtor's Plan with no modification, and on March 8, 2023, issued the Order confirming the Amended Debtors' Plan ("Confirmation Order"), which includes the Trustee's proposed manner and frequency for Ovation's applications for post-petition fees and costs. *ECF No. 9-2, p. 553-555; ECF No.9-4, p. 8, Line 17*.

Ovation filed its Notice of Appeal of the Confirmation Order on March 22, 2023 raising 19 points of error all relating to the Bankruptcy Court's Ovation Objection Order entered January 25, 2023 and the Clarification Order entered February 10, 2023. *ECF No. 9-1; ECF No. 9-2, pp. 556-558.* The Trustee filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction arguing Ovation's Notice of Appeal was untimely. *ECF No. 18.*

## Discussion

In the Motion, the Trustee seeks to dismiss this appeal based on lack of subject matter jurisdiction as untimely. The Trustee argues Ovation should have appealed the Ovation Objection Order and the Clarification Order at the time they were issued because these orders are the sources of the specific points of error on this appeal, and they were final orders within the context of a bankruptcy proceeding. The Trustee contends because these orders were final under the applicable statute, 28 U.S.C. § 158(a)(1), Ovation's choice to wait to appeal the final Confirmation Order rendered the appeal untimely, and therefore, it must be dismissed. *Id.*

"A bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)(quoting Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)). Therefore, the general requirement in "ordinary civil litigation" that a party may appeal only from a final decision disposing of the case, and interlocutory appeals are disfavored, does not apply. *Id.* at 501-02; *In re Tullius*, 500 F. App'x 286, 289 (5th Cir. 2012). Instead, a district court acting on appeal from a bankruptcy court has subject matter jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court (28 U.S.C. § 158(a)(1)), as well as appeals from other interlocutory orders and decrees, but only with leave of the district court (28 U.S.C. § 158(a)(3)). 28 U.S.C. § 158(a)(1),(3). "A notice of appeal must be

filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).

With the flexibility provided under § 158(a)(1), a bankruptcy case may be appealed typically, as a single judicial unit at the end of the entire bankruptcy proceeding or, an order or decree issued mid-case may be appealed if it meets the definition of finality applied in bankruptcy cases. *Bullard*, 575 U.S. at 501-02 (2015); *In re Bartee*, 212 F.3d 277, 282 (5th Cir. 2000); 28 U.S.C. § 158(a)(1). To be final within the meaning of § 158(a)(1), the appealed decree or "order must constitute either a 'final determination of the rights of the parties to secure the relief they seek,' or a final disposition 'of a discrete dispute within the larger bankruptcy case. . . .'" *Bullard*, 575 U.S. at 501-02; *In re Tullius*, 500 F. App'x 286, 289 (5th Cir. 2012); *In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999).

Applying determination of finality to the process of confirmation of a debtor's plan, "the relevant proceeding is the entire process of attempting to arrive at an approved plan that would allow the bankruptcy case to move forward. Only plan confirmation, or case dismissal, alters the status quo and fixes the parties' rights and obligations. . . ." *Bullard*, 575 U.S. at 502. When the bankruptcy court confirms a plan, its terms become binding on debtor and creditor alike. *Id.*; 11 U.S.C. § 1327(a). "Confirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the confirmation order.'" *Bullard*, 575 U.S. at 502.

Further, even if a bankruptcy court's determination does not qualify as final under § 158(a)(1), an interlocutory order or decree may be appealed under § 158(a)(3), by leave of the District Court. *Bullard*, 575 U.S. at 508-09. However, "nothing in 28 U.S.C. § 158(a)(3) or Fed. R. Bankr. P. 8004 *requires* that a party file an interlocutory appeal." *Ortiz-Peredo v. Viegelahn*,

587 B.R. 321, 324 (W.D. Tex. 2018)(citing *Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976); *In re O & S Trucking, Inc.*, 529 B.R. 711, 716 (8th Cir. BAP 2015), *aff'd*, 811 F.3d 1020 (8th Cir. 2016)). When a party elects not to seek leave of a district court to appeal an interlocutory order, that order "merges in the final judgment and may be challenged in an appeal from that judgment." *Ortiz-Peredo v. Viegelahn*, 587 B.R. 321, 324 (W.D. Tex. 2018); *Keese v. Barbknecht Firm, P.C.*, No. 4:21-CV-346, 2022 WL 965399, at *5 (E.D. Tex. Mar. 30, 2022); *see also Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 879 (5th Cir. 2014); *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363–64 (9th Cir. 1992); *In re O & S Trucking, Inc.*, 529 B.R. 711, 716 (8th Cir. BAP 2015), *aff'd*, 811 F.3d 1020 (8th Cir. 2016). "An interlocutory appeal is permissive, not mandatory" and "[a] party does not forfeit its right to appeal a final judgment for failure to appeal interlocutorily." *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 236 (5th Cir. 1982); *Matherne v. Wilson*, 851 F.2d 752, 756 (5th Cir. 1988). Rather, where an issue is determined in an interlocutory order and later incorporated into a final order, the determination of the original issue is appealable upon an appeal of the final order, thereby providing the district court with an "'ultimate review on all the combined issues.'" *In re Stanton,* 766 F.2d 1283, 1287–88 (9th Cir. 1985); *Baldwin v. Redwood City,* 540 F.2d 1360, 1364 (9th Cir. 1976), *cert. denied,* 431 U.S. 913 (1977).

    *Bullard* instructs that "[a]n objection to a plan initiates a contested matter. See Rule 3015(f). . . [and] an order resolving that matter by overruling the objection and confirming the plan is final. *Bullard*, 575 U.S. at 505-08. Clearly, as instructed by *Bullard*, the Bankruptcy Court's Ovation Objection Order and the Clarification Order are not final orders disposing of the case in its entirety, nor do they alter the status quo or fix the rights and obligations of the parties. *Id*. Finality requires the objections be overruled *and* the plan confirmed. *See id*. Here, the

7

Bankruptcy Court simply overruled Ovation's objections and set the confirmation hearing for another day. Consequently, when the Bankruptcy Court confirmed Perez's proposed Debtor's Plan, its terms became binding on Perez and Ovation, alike. *Bullard*, 575 U.S. at 505 (citing 11 U.S.C. § 1327(a)). Because these intermediate Orders simply denied Ovation's objections to confirmation of Perez's proposed Debtor's Plan, but did not bind the rights of the parties or impose finality on the proposed Debtor's Plan, itself, these orders do not constitute "final" orders that fall within that described in Section 158(a)(1). Consequently, Ovation was not required to immediately appeal the Bankruptcy Court's Order denying his objections to the proposed Debtor's Plan nor the subsequent Order clarifying this Order.

Even if the Ovation Objection Order and Clarification Order qualify as appealable interlocutory orders, Ovation was not required to immediately appeal to preserve any allege error. As in *Ortiz-Peredo v. Viegelahn*, when faced with these subject orders, Ovation had the option to seek leave of court to undertake an interlocutory appeal or wait until final disposition of the case. *Ortiz-Peredo v. Viegelahn*, 587 B.R. at 324. Ovation chose to wait until the Bankruptcy Court issued the conclusive and binding Confirmation Order. Ovation's choice to appeal after the Bankruptcy Court's final disposition does not obviate this Court's subject matter jurisdiction based upon untimeliness.

## Conclusion

For the reasons stated, Trustee Mary Viegelahn's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED. *ECF No. 18*. Ovation's Appellant's Brief is due on or before September 25, 2023.

It is so ORDERED.
SIGNED this 7th day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE